MARGARET ASPIN *vs.* CHARLES P. CORNELL.

*Case—Damage to Real Estate—Possession and Reversion—*
*Pleading—Evidence— Variance—Amendments.*

1. Where the allegations of plaintiff's declaration, in an action for damages to real estate, go to the damage of the person in possession of the premises only, and the evidence shows the plaintiff not to be in possession of any part of the premises, there is a fatal variance between the proof and the allegations in the narr, which should have alleged damage to the reversionary right of plaintiff.

2. In such case plaintiff's application to have a juror withdrawn, and that he be allowed to amend the declaration, will not be granted.

*(November 27, 1900.)*

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Harry R. Bringhurst* for plaintiff.

The defendant was unrepresented by counsel at the trial— Henry C. Conrad having withdrawn as counsel.

Superior Court, New Castle County, November Term, 1900.

ACTION ON THE CASE (No. 116, September Term, 1899), for damages to certain real estate, the title to which was in the plaintiff, said real estate being in the possession of tenants. The first count of the declaration was as follows :

" For that whereas, the said plaintiff heretofore, to wit, on the first day of October, A. D. 1896, was, and from thence hitherto has been, and still is, lawfully possessed of certain closes, pieces or parcels of land situate in the City of Wilmington, and New Castle County aforesaid, at the north-east corner of Fifth and Adams streets, extending along the said side of Fifth street easterly seventy-eight feet to the westerly side of a four feet wide alley, and extending northerly that width to the line of the land and close of the

said defendant, and that the said defendant during the time aforesaid was, and still is, possessed of and in the occupation of a certain close, piece or parcel of land situate and being in the City of Wilmington aforesaid, and contiguous and next adjoining to the said closes of the said plaintiff; and the said defendant during all the time aforesaid by right ought to have repaired and amended, and still by right ought to repair and amend a certain stone wall along the northerly boundary line of the said closes of the said plaintiff as often as occasion hath required, and to have kept the same in repair and properly amended, yet the said defendant, well knowing the premises, but contriving and wrongfully and unjustly intending to injure and aggrieve the said plaintiff in that behalf, whilst the said plaintiff and defendant were respectively possessed of their said respective closes, with the said appurtenances as aforesaid, to wit, on the day and year aforesaid, and on divers other days and times between that day and the present time, to wit, at the county aforesaid, wrongfully and unjustly suffered and permitted the said stone wall to be and continue and the same then was ruinous, prostrate, fallen down and out of repair, and in great decay for want of needful and necessary repairing and amending of the same, whereby the said stone wall, and the fence thereon erected, overhung and encroached upon and still overhangs and encroaches upon the said closes of the said plaintiff, to the damage of the said plaintiff," etc.

The second count differed from the first only in that it alleged that the defendant " wrongfully and unjustly suffered and permitted the water, rain and snow falling and the ice forming upon the premises of the said defendant to discharge upon the said closes of the said plaintiff, and by means thereof divers large quantities of water, snow, dirt and filth issued and flowed from the said lands of the said defendant upon and into the said premises of the said plaintiff and greatly injured and damaged the said plaintiff," etc.

The third and last count of plaintiff's declaration alleged the damage as occasioned by the defendant's unjustly suffering and per-

mitting his said soil, earth and dirt to be discharged upon the said closes of the said plaintiff, etc.

During the taking of testimony at the trial, it having developed that none of the said closes of the said plaintiff was in her possession, but that all of the same were in the possession of tenants, the Court held that there was a fatal variance between the proof and the allegations in the narr, which should have alleged damage to the reversionary right of plaintiff.

*Mr. Bringhurst* thereupon asked that a juror be withdrawn and that the plaintiff have leave to amend her declaration in conformity with the above facts.

LORE, C. J. :—We decline to withdraw a juror and amend the declaration. The case does not present such facts as would warrant us in granting your application.

The allegations of the declaration go to the damage of the persons in possession of the premises only, while the evidence shows the plaintiff not to be in possession of any part of the premises.

On the application of plaintiff's counsel, the case is discontinued.